# DIONISIA RODRIGUEZ, ETC.,

*v.*

# LUIS NICOLE ET AL.

Ponce, Law, No. 249.

ON DEMURRER TO COMPLAINT.

Automobile—Control.

　　1. That an automobile is under control of the defendant is stating

NOTE.—For cases on the liability of owner where automobile is being driven by chauffeur under orders of member of family, see notes in 41 L.R.A.(N.S.) 778, and 50 L.R.A.(N.S.) 63.

Rodriguez v. Nicole.

a conclusion of law, and is demurrable unless the facts showing such control are stated.

Automobile—Owner Present.

2. Where the owner is present in the automobile and in the active control of the chauffeur, the owner is liable individually under Civil Code, § 1803, and not as being responsible for the chauffeur under § 1804.

Automobile—Complaint.

3. A complaint in an automobile accident ought to state how the accident happened, or show that the plaintiff was not in position to know.

Accident—Injury.

4. A complaint based upon an accident should show the exact nature of the damages inflicted, so as to give the other side opportunity to know what he is to defend.

Opinion filed January 13, 1915.

*Mr. F. Montalvo* for plaintiff.

*Mr. José Poventud* for defendant.

HAMILTON, Judge, delivered the following opinion:

There is a complaint filed in this case and to it a demurrer. The second ground of demurrer is withdrawn on the argument; so it need not be considered. The first ground is in the words, "that the said complaint does not state facts sufficient to constitute a cause of action, the same being insufficient in law." This is a general demurrer, and, according to the views of the court in several cases, would not be a good demurrer in Federal practice. The local Code seems to require that the exact deficiency or insufficiency be stated. I understand that the local

Rodriguez v. Nicole.

practice, however, is to use a demurrer in general words like this, but the Federal Revised Statutes, § 954, Comp. Stat. 1913, § 1591, seem to indicate that a demurrer shall specify the ground. The court has held this several times, and so could overrule this demurrer because not specific. That, however, would probably not do any good in this case. In coming to Ponce we have not a great deal of time for pleadings, and it might be well in this particular case not to follow that rule. This happens to be an automobile case and the question of control over the chauffeur is in the mind of every attorney who brings such a suit, and it is only fair to assume that this general demurrer raised that point in the minds of all parties to the case. I will go on that theory and pass upon the particular question.

1. The complaint speaks of the automobile being under the "control" of the defendant. The court has just held in the case of Simonpietri v. Toro that the word "control" is not sufficient, that it is a conclusion of the pleader, that the defendant is entitled to have more than simply a conclusion to answer. He should know at least the substantive facts which lead to that conclusion, so that he will know how to conduct his defense. That being so, the court will sustain the demurrer as to this particular point.

2. It would be well to say that the case may present—I do not say it does present—to the mind of the court one which is not precisely within the supreme court decision which is so often referred to. This court has held in this very room (in the Fantauzzi Case [ante, 4]) that where the owner is present and in the active control of the chauffeur, and hence of the car, that he is liable. This is not a question of *respondeat*

Rodriguez v. Nicole.

*superior.* It is not a question of his being responsible for the chauffeur. It is a question of his own responsibility. If he is there and in effect running the car, whether he is at the wheel himself or whether he has somebody else at the wheel who is doing the mechanical part, but under his express direction, in either case it is his act, and it comes within § 1803 rather than § 1804 of the Civil Code under the particular facts stated. How it was in this case, of course, I do not know. I mention these facts so that the pleader can conform to what is in the mind of the court, and at present I will merely hold that the word "control" is not sufficient,—that he must show in what the control consisted; and then it will follow as a matter of law one way or the other whether the defendant is responsible or is not responsible.

3. It is further stated on the argument that the complaint does not show how the accident happened; what was the cause of it; whether it was a defect in the machinery or a defect in the operation of the machinery. It would be better if that should be stated. I do not sustain the demurrer because I think that it would be going beyond what can be raised in any event by a general demurrer. A general demurrer I have held above will be taken to cover the question of control here, because it is such a well-known point; but it would not put the other side upon notice as to a defect as to the quo modo of the accident; so I will hold that it would be better if the complaint were amended to show how the accident happened, provided, of course, the plaintiff knows how it happened. Being in another machine and the accident necessarily happening in a great hurry, and everybody being very much excited, it would be quite possible that he did not know how it happened; but

Rodriguez v. Nicole.

if he does not know he should so state. I will not sustain the demurrer on that ground for the above reason, but simply indicate that I prefer that the complaint read in that way if possible.

4. Another point mentioned as to the damages I shall have to overrule for the same reason. The complaint does not show in what the physical injuries consisted, except in one place where it speaks of the plaintiff having his face marked, which would seem to indicate that the injury in part at least was to the head. I will only say, as I have to the preceding point, that it would be better that the exact nature of the damages be defined as to whether the injury was to the head, to the trunk of the body, or to the leg, or whatever it was, so as to give the defendant better opportunity to defend; but I simply intimate this as preferable in the mind of the court, and not as controlling this case, on account of the nature of the demurrer.

The demurrer is sustained and five days given to amend.